PETITION FOR REVIEW DIS-MISSED.

Silvia Leticia Barojas ALEJANDRE,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 04–72412, 04–75494.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Robert W. Yarra, Esq., Fresno, CA, for
Petitioner.

Regional Counsel, Western Region Im-migration & Naturalization Service, Lagu-na Niguel, CA, David V. Bernal, Attorney,
Russell J.E. Verby, Esq., U.S. Department
of Justice Civil Div./Office of Immigration
Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER,
and FISHER, Circuit Judges.

MEMORANDUM **

Silvia Leticia Barojas Alejandre, a na-tive and citizen of Mexico, petitions for

review of the Board of Immigration Ap-peals' ("BIA") April 4, 2004 decision af-firming an immigration judge's ("IJ")
order denying her application for cancel-lation of removal (No. 04–72412), and its
September 28, 2004 order denying her
motion to reopen (No. 04–75494). To
the extent we have jurisdiction it is
conferred by 8 U.S.C. § 1252. We re-view de novo due process claims, and
review for abuse of discretion the denial
of a motion to reopen. *Rodriguez–Lariz
v. INS*, 282 F.3d 1218, 1222 (9th Cir.
2002). We dismiss in part and deny in
part the petition for review.

Barojas Alejandre's contention that the
IJ erred by misapplying BIA precedent to
the facts of her case "is nothing more than
an argument that the IJ abused his discre-tion, a matter over which we have no
jurisdiction." *Martinez–Rosas v. Gon-zales*, 424 F.3d 926, 930 (9th Cir.2005).
We furthermore lack jurisdiction to consid-er any direct challenge to "the subjective,
discretionary determination that an alien
failed to satisfy the 'exceptional and ex-tremely unusual hardship' requirement for
cancellation of removal." *Id.*

We also lack jurisdiction to review the
Barojas Alejandre's contention that the
IJ's denial of her request for a continuance
violated her due process rights, because
she failed to raise the issue before the BIA
and thereby failed to exhaust her adminis-trative remedies. *See* 8 U.S.C.
§ 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d
674, 677 (9th Cir.2004); *see also Rashtaba-di v. INS*, 23 F.3d 1562, 1567 (9th Cir.
1994) ("A petitioner cannot obtain review
of procedural errors in the administrative
process that were not raised before the

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

agency merely by alleging that every such error violates due process.") (citation omitted).

The BIA did not abuse its discretion in denying Petitioner's motion to reopen because it considered the new evidence Barojas Alejandre offered regarding her son's cognitive and hearing impairments, and acted within its broad discretion in determining that the evidence was unlikely to change the result in the case. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.